UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                  Case No. 2:04-cr-73-FTM-29SPC

DAVID J. BURTON

_____

### OPINION AND ORDER

This matter is before the Court on defendant David J. Burton's *pro se* Motion Under Title 18 U.S.C. § 3582(c)(2) and U.S. Sentencing Guidelines § 1b1.10(c) for Reduction of Sentence Based on 2007 Guideline Amendment Nine Which Became Effective November 1, 2007 and Caused a Two-Level Reduction in Base Offense Level for Cocaine Base (Doc. #49) filed on March 7, 2008.  Defendant seeks a reduction in his sentence in light of Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses by two levels.  The Court appointed counsel, who filed a Response (Doc. #53) on April 15, 2008.

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances.  Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in

>    section 3553(a) to the extent that they are applicable,
>    if such a reduction is consistent with applicable policy
>    statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.

Reading 18 U.S.C. § 3582(c)(2) in conjunction with U.S.S.G. § 1B1.10(a)(1), the general requirements a defendant must establish to be eligible for a reduction of the term of imprisonment are: (1) Defendant had been sentenced to a term of imprisonment; (2) the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); (3) defendant is still serving the term of imprisonment; and (4) the amendment to the Sentencing Guidelines has been made retroactive by being listed in U.S.S.G. § 1B1.10(c)[1]. Even if generally eligible for a reduction in the term of imprisonment, a defendant must show that a reduction is consistent with the policy statement in U.S.S.G. § 1B1.10. A reduction of a term of imprisonment is not consistent with the Sentencing Guidelines policy statement, and therefore is not authorized by § 3582(c)(2), if none of the retroactive amendments is applicable to defendant, U.S.S.G. § 1B1.10(a)(2)(A), or if the retroactive amendment does not have the effect of lowering defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B). In this

---

[1] <u>United States v. Armstrong</u>, 347 F.3d 905, 909 (11th Cir. 2003).

case defendant Burton is not eligible for a sentence reduction because the application of Amendment 706 does not have the effect of lowering his applicable guideline range.

At the original sentence, because both cocaine base and cocaine were involved in the offense of conviction, the drugs were to be converted to their marijuana equivalent, added together, and the combined offense level was determined based on the Drug Quantity Tables. The 1.5 grams of cocaine, however, had no impact on the Base Offense Level calculation. The 16.3 grams of cocaine base resulted in the Base Offense Level of 26. Three levels for acceptance of responsibility resulted in a Total Offense Level of 23.

Applying Amendment 706, the Court determines that defendant's Base Offense Level remains at 26 and the Total Offense Level remains at 23. Because both cocaine base and other controlled substances were involved in the offense of conviction, the Court follows the following five steps outlined in U.S.S.G. § 2D1.1 cmt. n.10(D)(i): (1) Determine the base offense level for the quantity of cocaine base involved in the offense, U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(I); (2) determine the marijuana equivalency for the cocaine base by reference to the table in U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(II); (3) covert the quantity of cocaine base involved in the offense to its equivalent quantity of marijuana, U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(II); (4) determine the combined marijuana equivalency for the other controlled substance(s) involved in the

offense, U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(III); and (5) add the quantity of marijuana determined for all controlled substances and look up the total in the Drug Quantity Table to obtain the combined base offense level for all the controlled substances involved in the offense.  U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(IV).

There were 16.3 grams of cocaine base involved in this offense, which now has a Base Offense Level of 24.  The marijuana equivalency for cocaine base at a Base Offense Level of 24 is 16 kilograms of marijuana per gram of cocaine base.  U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(II).  This results in a marijuana equivalent of 260.8 kilograms for the 16.3 grams of cocaine base.  The marijuana equivalency for cocaine is 200 grams of marijuana per gram of cocaine.  U.S.S.G. § 2D1.1 cmt. n.10(E).  There were 1.5 grams of cocaine, which results in a marijuana equivalent of .3 kilograms. Adding the marijuana equivalents for the cocaine base and the cocaine in this case results in a total marijuana equivalent of 261.1 kilograms.  Under U.S.S.G. § 2D1.1(c)(7), at least 100 kilograms of marijuana but less than 400 kilograms of marijuana results in the Base Offense Level of 26.  Since the Base Offense Level is not affected by the application of the amendment, a reduction cannot be made pursuant to Amendment 706.

The Court notes that the Sentencing Commission has amended the commentary to § 2D1.1 and the policy statement § 1B1.10 as it relates to the Drug Quantity Table.  This amendment does not take effect until May 1, 2008, and the Court is without jurisdiction

4

until that time.  United States v. Tensley, No. 07-15649, 2008 WL 713674 (11th Cir. Mar. 18, 2008).  Therefore, the denial of the motion will be without prejudice to seek relief after the new amendment is effective.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Defendant David J. Burton's *pro se* Motion Under Title 18 U.S.C. § 3582(c)(2) and U.S. Sentencing Guidelines § 1b1.10(c) for Reduction of Sentence Based on 2007 Guideline Amendment Nine Which Became Effective November 1, 2007 and Caused a Two-Level Reduction in Base Offense Level for Cocaine Base (Doc. #49) is **DENIED** without prejudice.

**DONE AND ORDERED** at Fort Myers, Florida, this   21st   day of April, 2008.

```
                                    _____
                                    JOHN E. STEELE
                                    United States District Judge
```

Copies:
AUSA Casas
FPD Geiger
David J. Burton
U.S. Probation
U.S. Marshal