UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                          Case No. 2:04-cr-73-FTM-29SPC

DAVID J. BURTON

_____

**OPINION AND ORDER**

This matter is before the Court on defendant David J. Burton's Petition for Reduction of Sentence Pursuant to Amendment 715 (Doc. #55) filed on June 11, 2008. Defendant seeks a reduction in his sentence in light of Amendments 706 and 715 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses by two levels. The Court denied defendant's original motion, but since that time Amendment 715 has been promulgated with regard to the conversion of other controlled substances.

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in

>    section 3553(a) to the extent that they are applicable,
>    if such a reduction is consistent with applicable policy
>    statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.

Reading 18 U.S.C. § 3582(c)(2) in conjunction with U.S.S.G. § 1B1.10(a)(1), the general requirements a defendant must establish to be eligible for a reduction of the term of imprisonment are: (1) Defendant had been sentenced to a term of imprisonment; (2) the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); (3) defendant is still serving the term of imprisonment; and (4) the amendment to the Sentencing Guidelines has been made retroactive by being listed in U.S.S.G. § 1B1.10(c)[1]. Even if generally eligible for a reduction in the term of imprisonment, a defendant must show that a reduction is consistent with the policy statement in U.S.S.G. § 1B1.10.  A reduction of a term of imprisonment is not consistent with the Sentencing Guidelines policy statement, and therefore is not authorized by § 3582(c)(2), if none of the retroactive amendments is applicable to defendant, U.S.S.G. § 1B1.10(a)(2)(A), or if the retroactive amendment does not have the effect of lowering defendant's applicable guideline range.  U.S.S.G. § 1B1.10(a)(2)(B).  In this

---

[1]United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

2

case defendant Burton is eligible for a sentence reduction because he satisfies these requirements.

At the original sentence, because both cocaine base and cocaine were involved in the offense of conviction, the drugs were to be converted to their marijuana equivalent, added together, and the combined offense level was determined based on the Drug Quantity Tables.  The 1.5 grams of cocaine, however, had no impact on the Base Offense Level calculation.  The 16.3 grams of cocaine base resulted in the Base Offense Level of 26.  Three levels for acceptance of responsibility resulted in a Total Offense Level of 23.

Because both cocaine base and other controlled substances were involved in the offense of conviction, the Court follows the following five steps outlined in U.S.S.G. § 2D1.1 cmt. n.10(D)(i): (1) Determine the base offense level for the quantity of cocaine base involved in the offense, U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(I); (2) determine the marijuana equivalency for the cocaine base by reference to the table in U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(II); (3) covert the quantity of cocaine base involved in the offense to its equivalent quantity of marijuana, U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(II); (4) determine the combined marijuana equivalency for the other controlled substance(s) involved in the offense, U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(III); and (5) add the quantity of marijuana determined for all controlled substances and look up the total in the Drug Quantity Table to obtain the combined base

offense level for all the controlled substances involved in the offense. U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(IV).

Applying Amendments 706 and 715, the Court determines that defendant's Base Offense Level is 24 and the Total Offense Level is 21. Defendant's criminal history is Category III, and his Sentencing Guideline range is 46 to 57 months imprisonment. However, there is a statutory mandatory minimum sentence of 60 months, which is not affected by either Amendments 706 or 715. The Probation Office reports that defendant has received two disciplinary actions in 2006, has paid the special assessments, and has participated in educational programs. Therefore, in the exercise of its discretion, the Court will apply the Amendments 706 715 reduction to defendant, and will impose a sentence at the statutory mandatory minimum of 60 months imprisonment.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.  Defendant's Petition for Reduction of Sentence Pursuant to Amendment 715 (Doc. #55) is **GRANTED** as set forth below.

2.  The Clerk of the Court shall enter an Amended Judgment reducing the sentence imposed to 60 months imprisonment, and otherwise leaving all other components of the sentence as originally imposed. This order is subject to the prohibition contained within U.S.S.G. § 1B1.10(b)(2)(c) which provides that "[i]n no event may the reduced term of imprisonment be less than

the term of imprisonment the defendant has already served.".

**DONE AND ORDERED** at Fort Myers, Florida, this ___15th___ day of July, 2008.

_____
JOHN E. STEELE
United States District Judge

Copies:
AUSA Casas
FPD Geiger
David J. Burton
U.S. Probation
U.S. Marshal